**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0192-17T2

WILLIAM ECKBOLD,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted June 5, 2018 — Decided July 26, 2018

Before Judges Hoffman and Gilson.

On appeal from the New Jersey Department of Corrections.

William Eckbold, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant William Eckbold, a New Jersey State Prison inmate, appeals from the June 21, 2017 final agency decision of the Department of Corrections (DOC). The decision found Eckbold

committed prohibited act *.803/*.203 — attempting to possess or introduce "any prohibited substances such as drugs, intoxicants or related paraphernalia not prescribed for the inmate by the medical or dental staff," in violation of N.J.A.C. 10A:4-4.1(a) — and imposed disciplinary sanctions. We affirm.

I

In February 2017, the DOC's Special Investigation Division (the Division) conducted an investigation concerning suspected drug trafficking at the New Jersey State Prison. Pursuant to that investigation, the Division determined Eckbold conspired to introduce Suboxone, a controlled dangerous substance, into the prison via fictitious mail. Subsequently, a correction sergeant conducted an investigation and determined the charges had merit. The correction sergeant then served Eckbold with the disciplinary charges, and referred the charges to a hearing officer for further action.

The disciplinary hearing commenced on May 1, 2017. Eckbold pled not guilty and requested the assistance of counsel-substitute, which he received. Relying on the Division's investigation report, on May 11, 2017, the hearing officer found Eckbold guilty and sanctioned him to 180 days administrative segregation, 180 days loss of commutation time, permanent loss of contact visits, 365 days of random urine monitoring, and thirty

days loss of recreation privileges. Eckbold administratively appealed, and on June 21, 2017, the DOC issued a final agency decision upholding the hearing officer's decision.

On appeal, Eckbold argues the hearing officer violated his due process rights in making a finding without a laboratory report confirming the substance found was Suboxone; he was not provided sufficient time to prepare for his hearing; and the hearing officer lacks the authority to revoke his recreation privileges for thirty days. We reject those arguments.

II

Our role in reviewing the decision of an administrative agency is limited, and administrative agency decisions carry with them a "presumption of reasonableness." City of Newark v. Nat. Res. Council, 82 N.J. 530, 539 (1980). We reverse an agency's decision only when it is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); In re Musick, 143 N.J. 206, 216 (1996).

An adjudication of guilt of an infraction must be supported by "substantial evidence." N.J.A.C. 10A:4-9.15(a). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Pub. Serv. Elec. & Gas, 35 N.J. 358, 376 (1961) (citation omitted). The substantial

evidence standard permits an agency to apply its expertise when the evidence supports more than one conclusion. See In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (internal quotations and citation omitted) ("[When] there is substantial evidence in the record to support more than one regulatory conclusion, it is the agency's choice [that] governs.").

Having reviewed the record in light of this standard of review, we discern no basis to disturb the hearing officer's findings, which the DOC adopted. Eckbold's contention that the hearing officer did not rely on substantial, credible evidence lacks persuasion. The Division's investigatory report, on which the hearing officer relied, reveals Eckbold was engaged in a scheme to bring prohibited substances into the prison, and a substance bearing the markings of Suboxone was found in fictitious mail addressed to Eckbold. Therefore, we are satisfied that the hearing officer relied on adequate evidence in making her determination.

Eckbold's claim that he was given insufficient time to prepare for his hearing also lacks merit. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (citation omitted). An inmate's limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), and codified in

N.J.A.C. 10A:4-9.1 to -9.28, "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald v. Pinchak, 139 N.J. 188, 202 (1995)). Further, N.J.A.C. 10A:4-9.2 provides,

> The disciplinary report shall be served upon the inmate within [forty-eight] hours after the violation unless there are exceptional circumstances. The report shall be delivered by the reporting staff member or the investigating custody staff member. The report shall be signed by the person delivering it and the date and time of delivery shall be noted. The inmate shall have [twenty-four] hours to prepare his or her defense.

Here, the record reflects the violation occurred on April 28, 2017, and Eckbold was notified of that violation the following morning. Eckbold's hearing was initially scheduled for May 1, 2017, yet it was postponed twice to May 11, 2017; thus, all three hearings exceeded the twenty-four hour notice requirement. Accordingly, Eckbold's argument that he lacked sufficient time to prepare fails.

Finally, Eckbold's argument that his recreational privileges cannot be suspended lacks persuasion. The DOC asserts that N.J.A.C. 10A:4-5.1 permits the loss of any privileges, including recreational privileges. We find the agency's interpretation of

its own regulations reasonable, and therefore will not disturb them on appeal. See In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016) (internal quotations and citation omitted) ("An appellate court defer[s] to an agency's interpretation of . . . [a] regulation, within the sphere of [its] authority, unless the interpretation is plainly unreasonable.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0192-17T2